IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KINJANKUMAR PATEL, *et al.*,

Plaintiffs,

v. Civil Action No. 2:25-cv-39

JOSEPH B. EDLOW, *et al.*,

Defendants.

# DISMISSAL ORDER

This matter is before the Court on Defendants' Motion to File Documents Under Seal ("Motion to Seal"), Dkt. No. 8, and Defendants' Motion to Dismiss, Dkt. No. 10. For the reasons set forth below, Defendants' Motion to Seal, Dkt. No. 8, is GRANTED; Defendants' Motion to Dismiss, Dkt. No. 10, is GRANTED, and this civil action is DISMISSED without prejudice.

## I. DEFENDANTS' MOTION TO SEAL

Four individual Plaintiffs, appearing *pro se*, filed this action seeking to compel Defendants to adjudicate Plaintiffs' immigration-related applications. Compl., Dkt. No. 4. On September 2, 2025, Defendants filed a Motion to Dismiss. Mot. Dismiss, Dkt. No. 10. In support of their motion, Defendants submitted a memorandum, and attached exhibits thereto, that discuss aspects of Plaintiffs' immigration-related applications that Defendants are statutorily prohibited from disclosing publicly. *See* Sealed Mem. Supp. Mot. Dismiss, Dkt. No. 12; Mem. Supp. Mot. Seal at 2, Dkt. No. 9 (citing 8 U.S.C. § 1367). Defendants filed their supporting memorandum under seal and contemporaneously filed a Motion to Seal, in which Defendants ask that "this sealing remain in place permanently" to protect the confidentiality of Plaintiffs' information. Mem. Supp. Mot. Seal at 2; *see* Mot. Seal, Dkt. No. 8.

For good cause shown, Defendants' Motion to Seal, Dkt. No. 8, is GRANTED, and Defendants' sealed Memorandum in Support of Motion to Dismiss, Dkt. No. 12, will remain sealed.

## II. DEFENDANTS' MOTION TO DISMISS

As noted above, Plaintiffs filed this action seeking to compel Defendants to adjudicate Plaintiffs' immigration-related applications. Compl. at 1–8. In their Motion to Dismiss, Defendants state that after Plaintiffs filed their Complaint, Plaintiffs obtained the relief sought from this action. Sealed Mem. Supp. Mot. Dismiss at 1; *see* Letters, Dkt. No. 12 at 7–14. Therefore, Defendants argue that "Plaintiffs' claims are now moot because there is no live case or controversy for this Court to resolve," and as a result, this Court lacks jurisdiction over this matter. Sealed Mem. Supp. Mot. Dismiss at 1–4.

Defendants further state that their counsel contacted Plaintiffs, seeking their consent to voluntarily dismiss this action. *Id.* at 2 n.1. Although Plaintiffs are appearing *pro se* in this action, Plaintiffs referred Defendants' counsel to their attorney, Ms. Bhavya Chaudhary. *Id.* Defendants' counsel contacted Ms. Chaudhary via email on August 20, 2025, seeking Plaintiffs' consent to dismiss this case. *See* Email, Dkt. No. 12 at 16. In response to the email, Ms. Chaudhary stated: "Yes, we agree to [v]oluntarily dismiss." *Id.* Despite Ms. Chaudhary's statement, Plaintiffs have not yet voluntarily dismissed this action, thus necessitating Defendants' dismissal motion.[1] Sealed Mem. Supp. Mot. Dismiss at 2 n.1.

Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. "An actual controversy must exist at

---

[1] Plaintiffs did not file an Opposition to Defendants' Motion to Dismiss or otherwise challenge the statements made therein, and their deadline to do so has expired.

all points of a case." *Edwards v. Roth*, No. 3:22-cv-375, 2022 WL 4349827, at *1 (E.D. Va. Sept. 19, 2022) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016)). If a plaintiff "receives the relief he or she sought to obtain through the claim[s,]" the claims become moot, and the Court loses jurisdiction over the action. *Simmons v. United Mortg. And Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011); *see Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, 20 F.4th 835, 842 (4th Cir. 2021) (explaining that "[t]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies" (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017))).

Under the circumstances detailed above, the Court finds that there is no longer a case or controversy over which this Court can properly exercise jurisdiction. *See* Sealed Mem. Supp. Mot. Dismiss at 1–4; Letters, Dkt. No. 12 at 7–14; Email, Dkt. No. 12 at 16; *see also Johnson*, 20 F.4th at 842; *Edwards*, 2022 WL 4349827, at *1; *Simmons*, 634 F.3d at 763. Accordingly, Defendants' Motion to Dismiss, Dkt. No. 10, is GRANTED, and this civil action is DISMISSED without prejudice.

## III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Seal, Dkt. No. 8, is GRANTED; Defendants' Motion to Dismiss, Dkt. No. 10, is GRANTED, and this civil action is DISMISSED without prejudice.

Plaintiffs may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days of the date of entry of this Dismissal Order. If Plaintiffs wish to proceed *in forma pauperis* on appeal, the application to

proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is DIRECTED to send a copy of this Dismissal Order to Plaintiffs and counsel for Defendants.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: December 18, 2025